J-S12019-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JEREMY ALLEN TRESSELT | |
| Appellant | No. 1322 MDA 2016 |

Appeal from the PCRA Order July 8, 2016
In the Court of Common Pleas of Lebanon County
Criminal Division at No(s): CP-38-CR-0000489-2014
CP-38-CR-0001040-2014

BEFORE:  PANELLA, J., OTT, J., and MUSMANNO, J.

MEMORANDUM BY OTT, J.:                    **FILED APRIL 10, 2017**

Jeremy Allen Tresselt appeals from the order entered July 8, 2016, in the Court of Common Pleas of Lebanon County that denied, after an evidentiary hearing, Tresselt's first petition filed pursuant to the Pennsylvania Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. Tresselt contends trial counsel was ineffective (1) in failing to seek a reduction in restitution prior to his sentencing, which would have allowed him to comply with the terms of his initial plea agreement, and would have resulted in a lesser sentence than the sentence ultimately imposed; (2) in failing to object to the grading of the criminal mischief charge at Docket No. 489-2014; (3) in failing to object to the grading of the theft charge at Docket No. 489-2014; and (4) in advising Tresselt that the grading of the offenses at Docket No. 489-2014 would be reduced by the sentencing judge

at the time of sentencing. **See** Tresselt's Brief at 1–2. Based upon the following, we affirm.

The PCRA court has summarized the background of this case, as follows:

On February 11, 2014, Jeremy Allen Tresselt [] was charged in Docket 489-2014 with additional [sic] offenses, including Conspiracy to Commit Theft, Possession of an Instrument of Crime, and Criminal Mischief. These charges stem from an incident that occurred on February [11], 2014, where [Tresselt] used a blow torch in an effort to break into an ATM machine.

On March 25, 2014, [Tresselt] was charged in Docket 1040-2014 with numerous crimes, including Burglary, Conspiracy to Commit Burglary, Possession of an Instrument of Crimes, Corruption of Minors, Loitering and Prowling at Night and Criminal Mischief. All of these charges stem from an incident that occurred on January 17, 2014, in Millcreek Township of Lebanon County. [Tresselt] entered a plea of guilty[1] to all charges in both dockets on October 23, 2014. The pleas were entered pursuant to a global agreement that called for [Tresselt] to receive 11½ months in the Lebanon County Prison <u>provided</u> that $1,600 restitution was paid at or before the time of sentencing. Following [Tresselt's] plea, sentencing was postponed on numerous occasions.[1]

_____

[1] On one of these occasions, [Tresselt's] attorney represented to the Court that [Tresselt] was hospitalized. Later, the attorney learned that [Tresselt] had lied to him about being hospitalized.

_____

When [Tresselt's] case was finally called for sentencing on March 18, 2015, [Tresselt] failed to appear. A bench warrant

_____

[1] The record reflects the pleas were *nolo contendere*. **See** *Nolo Contendere* Plea, 10/23/2014.

was issued. [Tresselt] was not apprehended on the bench warrant until May 12, 2015.

[Tresselt's] case was initially called for sentencing on June 17, 2015. At that time, [Tresselt] did not have any money to contribute toward restitution. As a result, the Commonwealth withdrew its plea agreement offer. The Court then granted [Tresselt's] request to withdraw his plea of guilty. The case was scheduled for a trial in August of 2015. In addition, we granted a request to withdraw appearance by Corey Lamoureux, Esquire, who was [Tresselt's] initial counsel. We appointed Jessica Weaver, Esquire[,] in the place of Attorney Lamoureux. Subsequently, Attorney Loreen Burkett entered her appearance on behalf of [Tresselt].

On August 12, 2015, [Tresselt] entered another plea of guilty to all charges. This second plea was an open one. Pursuant to this open plea, [Tresselt] appeared for sentencing on October 28, 2015. We imposed a sentence to 2 to 6 years in a state correctional facility. …

****

On November 30, 2015, [Tresselt] filed a *pro se* document entitled "Motion to Correct Illegal Sentence." Simultaneously, he filed another *pro se* document self- styled as a "Motion for Post-Sentence Relief." We subsequently granted [Tresselt] an extension of time to file an Amended Post-Sentence Relief Petition. He filed another such Petition on February 10, 2016. Although styled as a Post-Sentence Relief Petition, the essence of [Tresselt's] amended motion was to raise issues of ineffective assistance of counsel. In fact, [Tresselt] articulated in his motion "that he is entitled to relief under the Post-Conviction Relief Act due to ineffective assistance of counsel and the imposition of an improper sentence."

We treated [Tresselt's] post-sentence motion as a PCRA request for relief. [Counsel was appointed and filed an amended PCRA petition.] We scheduled a hearing take place. On July 7, 2016, we presided over a factual hearing. …

PCRA Court Opinion, 9/21/2016, at 1−4 (underlining in original).

Following the evidentiary hearing, the PCRA court denied Tresselt's petition for PCRA relief, and this appeal followed.[2]

The principles that guide our review are well settled:

> "[A]s a general proposition, we review a denial of PCRA relief to determine whether the findings of the PCRA court are supported by the record and free of legal error." **Commonwealth v. Dennis**, 609 Pa. 442, 17 A.3d 297, 301 (Pa. 2011) (citation omitted). A PCRA court's credibility findings are to be accorded great deference, and where supported by the record, such determinations are binding on a reviewing court. **Id.**, at 305 (citations omitted).
>
> ****
>
> To be entitled to relief on an ineffectiveness claim, a PCRA petitioner must establish: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) he suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability the result of the proceeding would have been different. **Commonwealth v. Chmiel**, 612 Pa. 333, 30 A.3d 1111, 1127 (Pa. 2011) (employing ineffective assistance of counsel test from **Commonwealth v. Pierce**, 515 Pa. 153, 527 A.2d 973, 975-76 (Pa. 1987)). Counsel is presumed to have rendered effective assistance. **Commonwealth v. Ali**, 608 Pa. 71, 10 A.3d 282, 291 (Pa. 2010). Additionally, counsel cannot be deemed ineffective for failing to raise a meritless claim. **Commonwealth v. Jones**, 590 Pa. 202, 912 A.2d 268, 278 (Pa. 2006). Finally, because a PCRA petitioner must establish all the **Pierce** prongs to be entitled to relief, we are not required to analyze the elements of an ineffectiveness claim in any specific order; thus, if a claim fails under any required element, we may dismiss the claim on that basis. **Ali**, at 291.

**Commonwealth v. Treiber**, 121 A.3d 435, 444-445 (Pa. 2015).

---

[2] Tresselt timely complied with the order of the PCRA court to file a Pa.R.A.P. 1925(b) statement.

Tresselt first contends counsel was ineffective in failing to seek a reduction in restitution prior to his initial sentencing date of June 17, 2015.

As stated by the PCRA court, on October 23, 2014, the Commonwealth offered a global plea agreement by which Tresselt would receive an 11½-month minimum sentence of incarceration in the Lebanon County Correctional Facility, provided that he paid restitution of approximately $1,600.00 prior to or at sentencing. However, on June 17, 2015, when Tresselt did not have the restitution payment, the Commonwealth withdrew the plea offer. Tresselt subsequently entered an open plea and received a two-to-six year sentence of imprisonment. Following his October 28, 2015, sentencing, Tresselt's restitution obligation was lowered to approximately $530.00. Tresselt asserts trial counsel's ineffectiveness in failing to object to the restitution amount prior to June 17, 2015, caused him to be unable to comply with the terms of the negotiated plea offer, which, in turn, led to the open plea and his current sentence, rather than the 11½ month county sentence.

At the PCRA hearing, Corey Lamoureux, Esquire, who represented Tresselt at the time of the initial plea agreement, testified the first time he could recall Tresselt indicating there was an issue with the restitution payment was at the time scheduled for sentencing. *See* N.T., 7/7/2016, at 28. Mr. Lamoureux further testified that the Commonwealth's plea offer was based on restitution "paid in full prior to sentencing." *Id.* at 29.

The PCRA court analyzed the testimony, as follows:

At the hearing on July 7, 2016, [Tresselt] testified that his restitution was reduced following sentencing from approximately $1,600 to approximately $530. He testified that he could not pay the larger amount when his case was called for sentencing in June of 2015, but he could have paid the smaller amount. He alleges that his counsel was ineffective for failing to negotiate a lower restitution amount prior to the date of his guilty plea [sic]. In response, Attorney Lamoureux testified that [Tresselt] had always led him to believe that payment of $1,600 at sentencing would not be a problem. It was not until sentencing itself that Attorney Lamoureux learned that [Tresselt] did not have $1,600. In fact, at sentencing [Tresselt] had nothing at all. Had [Tresselt] been able to pay even a percentage of the restitution amount, Attorney Lamoureux testified that he would have initiated additional negotiations with the Commonwealth in an effort to preserve the plea agreement.

Once the Commonwealth withdrew its plea agreement in June of 2015, the plea agreement was never again reinstated. [] Attorney Weaver indicated that [when] she was appointed, she inquired with the Commonwealth whether it would reinstate the previously-offered plea agreement, and the Commonwealth responded that it would not.

We find the testimony of Attorney Weaver and Attorney Lamoureux to be more credible than the testimony offered by [Tresselt]. Specifically, we conclude that [Tresselt] was never prepared to pay any amount of restitution that would have triggered applicability of the 11½ month plea agreement. Moreover, no evidence was presented that the Commonwealth would have agreed to honor the 11½ month plea agreement in return for payment by [Tresselt] of an amount less than full restitution. For either of these reasons, we conclude that counsel's alleged failure to take action in order to reduce restitution from $1,600 to $530 would not have made any difference with respect to the Commonwealth's decision to withdraw its plea agreement.

PCRA Court Order, dated 7/8/2016, filed 7/11/2016, at 5-6, ¶¶M-O.

The PCRA court, in its opinion, further reasoned:

No defendant enjoys a right to a plea agreement. ***See, e.g. Commonwealth v. McElroy***, 6[6]5 A.2d 813, 816 (Pa. Super. 1995). Just as the Commonwealth has the authority to offer a plea agreement, so too does it have the authority to withdraw an offered plea agreement. ***See e.g. Commonwealth v. McElroy, supra; Commonwealth v. Spence***, 627 A.2d 1176 (Pa. 1993). In this case, the Commonwealth withdrew its local sentence plea offer when [Tresselt] failed to have restitution at the time of his initial sentencing. Once the plea offer was withdrawn, it was never again reinstated. We cannot blame [Tresselt's] former counsel for this situation; the loss of his plea offer was exclusively caused by the fact that [Tresselt] did not have the $1,600 he promised he would have at the time of sentencing.

PCRA Court Opinion, 9/21/2016, at 9–10. Based on our review, we discern no basis upon which to disturb the PCRA court's determination.

Following the plea, based on Tresselt's representations, Attorney Lamoureux filed at least two continuances, and later discovered Tresselt had lied to him about being hospitalized. ***See*** N.T., 7/7/2016, at 31. In addition, a bench warrant was issued for Tresselt for sentencing. ***See id.*** at 28. On rebuttal, Tresselt testified that at the time of the originally scheduled sentencing hearing, "I never said anything [to Attorney Lamoureux] about what I could afford or stuff like that. … With the amount at time [sic] I thought it was actually rather easy to accumulate $1,600, but it rather wasn't because at the time I wasn't working." ***Id.*** at 41. Tresselt further testified: "The only reason that I had absconded … is because I didn't have $1,600 to pay my restitution. I fabricated the story to buy me more time to try to accumulate the money." ***Id.*** at 42.

- 7 -

We agree with the PCRA court that former counsel cannot be held ineffective based upon Tresselt's failure to pay the amount of restitution that Tresselt promised to pay at sentencing in exchange for the plea offer. As such, Tresselt's first claim of ineffectiveness fails.

In his second issue, Tresselt contends that former counsel was ineffective in failing to object to the grading of the criminal mischief charge at Docket 489-2014 prior to the time of sentencing. In his third issue, Tresselt contends that former counsel was ineffective in failing to object to the grading of the theft charge at Docket 489-2014, prior to the time of sentencing. We address these issues together.

The Crimes Code provides that criminal mischief is graded as a third degree felony if the amount of loss caused is in excess of $5000.00, and is graded as a second degree misdemeanor if the amount of the loss is greater than $1000.00. *See* 18 Pa.C.S. § 3304. The criminal mischief charge, which arose from Tresselt's use of a blow torch on an ATM, was graded as a third degree felony based on damage in excess of $5,000.00. Tresselt, however, argues the only evidence of value ever provided to him was the owner's statement that it would cost $2,000.00 to replace the ATM. Therefore, Tresselt claims counsel was ineffective in failing to request modification of the grading of the criminal mischief charge, which caused him to receive a longer sentence.

With regard to the grading of theft offenses, the applicable statute is 18 Pa.C.S. § 3903. Relevant to Tresselt's argument, Section 3903 provides that theft "constitutes a felony of the third degree if the amount involved exceeds $2,000," 18 Pa.C.S. § 3903(a.1), and "if the property was not taken from the person or by threat, or in breach of fiduciary duty and: … the amount involved was less than $50 constitutes a misdemeanor of the third degree." 18 Pa.C.S. § 3903(b)(2). Subsection 3903(c) provides, in relevant part, "When the value of property cannot be satisfactorily ascertained … its value shall be deemed less than $50." 18 Pa.C.S. § 3903(c)(3). Tresselt argues that although the ATM owner's statement to police indicated there was approximately $7,000 in the ATM, there was no verified documentation regarding the amount of money, and therefore valuation should have been deemed to be less than $50. Tresselt maintains counsel was ineffective in failing to request modification of the theft charge to a third degree misdemeanor.

At the PCRA hearing, Attorney Lamoureux, who represented Tresselt at the time of the plea agreement offer, and Attorney Weaver, who represented Tresselt for the open guilty plea, both testified that Tresselt raised his concern about the grading of the criminal mischief and theft charges with them, and that they had advised him if he wanted to challenge the grading he would have to proceed to trial. N.T., 7/7/2016, at 30, 36. Attorney Lamoureaux testified that Tresselt chose to go through with a

negotiated plea, and Attorney Weaver testified Tresselt chose to go through with an open plea. ***See id.*** at 30, 37. Attorney Weaver testified Tresselt never requested to withdraw his plea. ***See id.*** at 37.

Based on our review, we find that the PCRA court properly rejected these ineffectiveness claims. Furthermore, based on the full discussion set forth in the PCRA court's opinion, we simply reiterate:

> [Tresselt] entered a plea of guilty on August 12, 2015. At that plea proceeding, the Judge outlined all of the charges on both dockets. (Guilty Plea N.T. 3-7). As to all the charges, [Tresselt] indicated that he understood what was being charged. (N.T. 4; 7). The Court also outlined for [Tresselt] the total maximum penalties that he would face on the charges lodged against him. (N.T. 9). Further, the Judge told [Tresselt] that his plea was an open one and that "any sentence you receive would be totally at the discretion of your sentencing judge." [Tresselt] indicated that he understood this. (N.T. 10).
>
> In addition to the Court's verbal colloquy, [Tresselt] completed written guilty plea colloquies. On the face sheet of each guilty plea colloquy was a list of charges together with the grading of each charge. In his written guilty plea form, [Tresselt] acknowledged that he was pleading guilty voluntarily and that no plea agreement governed his plea of guilty (See Guilty Plea Colloquies filed in Open Court on August 12, 2015). After [Tresselt] entered his plea, he endorsed the Criminal Information by signing a Guilty Plea on the reverse side. The Criminal Informations clearly outlined the grading of the offenses lodged against [Tresselt].
>
> At the PCRA Hearing conducted on July [7], 2016, both Attorney Lamoureux and Attorney Weaver testified that [Tresselt] was told he was entering pleas of guilty to felony offenses. Neither Attorney Weaver nor Attorney Lamoureux promised anything less. In fact, both attorneys advised [Tresselt] that if he wished to challenge the grading of the offenses, he would have to do so at trial. Nevertheless, he proceeded with his plea of guilty.

- 10 -

> Given all of the above information, it is crystal clear to this Court that [Tresselt] entered a global plea of guilty to numerous felony and misdemeanor offenses knowingly and voluntarily. He was not induced to enter his pleas by intentional or negligent misrepresentations by counsel, nor was he promised by anyone that the felony charges he admitted committing would be reduced to misdemeanors. In short, there is absolutely no reason why the validity of [Tresselt's] plea should be impugned.
>
> At the time of his PCRA Hearing, [Tresselt] seems to indicate that the Commonwealth could not have established a felony at trial. While we doubt that this is in fact true, it does not matter whether the Commonwealth would or could not have proven something at trial. The fact remains that [Tresselt] *admitted* that he committed felony grade offenses. His admission rendered a trial unnecessary.

PCRA Opinion, 9/21/2016, at 7–9 (footnote omitted) (emphasis in original).

We agree with the PCRA's court's analysis. Tresselt was aware that the criminal mischief charge and the theft charge were graded as third degree felonies, and yet chose to enter an open plea. At the PCRA hearing, Tresselt admitted that when he proceeded to sentencing he "did not ask to withdraw [his] pleas," and "never asked to proceed to trial." N.T., 7/7/2016, at 20. Tresselt further admitted that he complained about the grading of the offenses at sentencing, stating:

> I never once had a chance to sit there and file necessary motions because I didn't feel like going through those loopholes. [N.T., 10/28/2015 (Sentencing Hearing), at 8–9.]

N.T., 7/7/2016, at 20. Tresselt acknowledged he chose to proceed with sentencing on the "F-3" grading. *Id.* at 20–21. Accordingly, Tresselt's second and third ineffectiveness claims fail.

Lastly, Tresselt argues that trial counsel provided ineffective assistance by advising him that the grading of his offenses would be reduced at the time of sentencing by the sentencing judge. Attorney Lamoureux and Attorney Weaver denied telling Tresselt the charges would be amended at sentencing. *See id.* at 31, 37. Both attorneys testified they told Tresselt he could challenge the grading if he chose to proceed to trial. *Id.* at 30, 36. Regarding Tresselt's claim, the PCRA Court found trial counsels' testimony to be credible, and determined that Tresselt was not credible. *See* PCRA Court Opinion, 9/21/2016, at 10 ("As we stated in our July 8, 2016, Court Order, this Court found the testimony of Attorney Lamoureux and Attorney Weaver to be credible, and we did not believe [Tresselt].").

Following the entry of Tresselt's open plea, Loreen Burkett, Esquire, was appointed to represent Tresselt at sentencing on both dockets. She testified that prior to sentencing, he never requested to withdraw his plea. N.T., 7/7/2016, at 38. She stated she looked into the grading issue because she was aware Tresselt was unhappy about it. *See id.* at 39. After researching the issue, she advised Tresselt that the offenses "were graded appropriately as far as him pleading guilty," and nothing more could be done. *Id.* She advised Tresselt to proceed to sentencing. *See id.*

Attorney Burkett's testimony that Tresselt was unhappy about the grading after entering his open plea and had discussion with Tresselt regarding the grading issue supports the PCRA court's credibility

determinations that Attorneys Lamoureux and Weaver never promised Tresselt the charges would be reduced at sentencing. Therefore, we reject Tresselt's final ineffectiveness claim.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/10/2017